# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **LARIMEN WALLACE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **TRAVIS COUNTY HEALTHCARE** | § | |
| **DISTRICT D/B/A CENTRAL HEALTH** | § | |
| | § | |
| **Defendant.** | § | |

---

## INDEX OF STATE COURT RECORD

---

     The following is an index of all documents that clearly identifies each document and the

date the document was filed with the Travis County District Court in the originating matter.

| Tab | Date | Document |
|---|---|---|
| 01 | 12-04-2020 | Case Docket Sheet |
| 02 | 10-29-2020 | Plaintiff's Original Petition and Request for Disclosure |
| 03 | 11-13-2020 | Citation |
| 04 | 11-20-2020 | Notice of Waiver of Service |

# TAB 1

 (https://www.traviscountytx.gov)

## District Clerk - AARO - Attorney Access to Records Online

# Details

**Updated : Friday, December 4, 2020 4:34:25 AM**

**Cause Number**
D-1-GN-20-006645

Request Documents (https://www.traviscountytx.gov/district

**Style**
WALLACE V. TRAVIS COUNTY HEALT

New Search (/aaro/)

**Filed Date**
10/29/2020

**Court**
98

**Type**
CODE VIOLATIONS (GEN LIT )

**Case Status**
PENDING

**Action/Offense**

**Hearing Date**

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| | DEFENDANT | TRAVIS COUNTY HEALTHCARE DISTRICT | |
| WALSH COLIN WILLIAM | PLAINTIFF | | WALLACE , LARIMEN |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 11/20/2020 | 98 | PL | WAIVER OF CITATION OR SERVICE | SRVPROCESS | 1 | Download (/aaro/Default/GetPdf?barCodeId=7370977) |
| 11/13/2020 | 98 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7356386) |
| 10/29/2020 | 98 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 11 | Download (/aaro/Default/GetPdf?barCodeId=7341660) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

© 2020 Travis County, Texas - All rights reserved.

# TAB 2

10/29/2020 3:15 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-006645
Ruben Tamez**

CAUSE NO. <u>D-1-GN-20-006645</u>

| | | |
|---|---|---|
| LARIMEN WALLACE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | <u>98TH</u> JUDICIAL DISTRICT |
| | § | |
| TRAVIS COUNTY HEALTHCARE | § | |
| DISTRICT D/B/A CENTRAL | § | |
| HEALTH | § | TRAVIS COUNTY, TEXAS |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff Larimen Wallace and files Plaintiff's Original Petition and Request for Disclosures, and respectfully shows the following:

### I.
### DISCOVERY PLAN

1. Plaintiff intends that this suit be governed by discovery control level two.

2. Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks relief in excess of $100,000.00.

3. Specifically, Plaintiff seeks monetary relief over $1,000,000.00.

## II.
## PARTIES

4.    Plaintiff Larimen Wallace is an individual who resides in Travis County, Texas.

5.    Defendant, Travis County Healthcare District d/b/a Central Health is a governmental entity that may be served by serving its CEO, Mike Geeslin at 1111 East Cesar Chavez St., Austin, TX 78702.

## III.
## JURISDICTION AND VENUE

6.    Jurisdiction is appropriate because Central Health is a political subdivision of the state of Texas and the acts giving rise to this petition occurred in the State of Texas.  Sovereign immunity has been waived for each of the causes of action alleged, including by Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983.

7.    Venue is appropriate because the acts giving rise to this lawsuit occurred within Travis County, Texas.

## IV.
## FACTS

8.    Mr. Wallace is African American.

9.    He first began working for Central Health in September 2005.

10.    For the duration of his employment, Mr. Wallace always gave his best efforts and had every intention of working for Central Health until his retirement.

11.    Over the course of his employment, he has, at the request of the Board of Managers, held the position of interim CEO.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES PAGE–2

12.     However, he has never been selected as the permanent CEO.

13.     In fact, no African American has been.

14.     After Trish Young resigned as CEO on December 31, 2016, Mr. Wallace was selected to act as interim CEO beginning January 1, 2017.

15.     In order for Mr. Wallace to act as interim CEO, he had to vacate his position as second-in-command, which then passed to Ms. Susan Willars, VP for HR.

16.     Mr. Wallace applied for the permanent CEO position but was not selected in May 2017.

17.     Instead, Central Health controversially selected Mike Geeslin, a white male, to take over as CEO.

18.     Indeed, it was so controversial that one of the Board members, Dr. Richard Yuen, abstained from voting and shortly thereafter resigned, in part, because the Board selected a white male instead of Mr. Wallace who would be better able to reach out to minority communities and people of color.

19.     On May 4, 2017, Mr. Wallace filed a charge of discrimination against Central Health with the EEOC, alleging race discrimination in his non-selection as CEO.

20.     Central Health, and, in particular, Mr. Geeslin, the incoming CEO, knew Mr. Wallace had filed such a charge

21.     The next month, as Mr. Geeslin's transition into CEO was completed, he began to retaliate against Mr. Wallace.

22.   First, he refused to put Mr. Wallace back in the second-in-command position after Mr. Geeslin assumed his CEO position.  He knew that Mr. Wallace had previously held that position because Ms. Willars told him that, as she had told him that it was her expectation that Mr. Wallace would return in that position.

23.   In short, one of Mr. Geeslin's first acts as CEO was to demote, in principle, the only African American member of the leadership team and punish him for reporting discrimination.

24.   The retaliation continued with Mr. Geeslin undermining and undercutting Mr. Wallace's authority.

25.   For example, in September 2018, Mr. Geeslin began removing Mr. Wallace from critical operations projects within his expertise that had previously been under his oversight.  In fact, Mr. Geeslin reassigned these operations to himself.

26.   In December 2018, Mr. Geeslin unilaterally reassigned five of Mr. Wallace's direct reports to other people for no rational reason.  This was especially odd and retaliatory since Mr. Geeslin had favorably evaluated Mr. Wallace's performance on December 8, 2018 and did not raise any issues.

27.   The above actions were not only motivated by Mr. Wallace's 2017 EEOC charge, but also by Mr. Wallace's race.

28.    The actions described above were not part of some company-wide reorganization or realignment.  Indeed, none of the above changes affected any of the non-African American executives.

29.    Mr. Geeslin's retaliation and discrimination culminated in Mr. Geeslin giving Mr. Wallace the ultimatum to quit or be fired on October 7, 2019.

30.    On September 19, 2019, Mr. Wallace attended the EquitySpace: Designing for an Inclusive Community event in downtown Austin.  During the event Mr. Wallace received the Equity Warrior Award.

31.    After Mr. Wallace received the award, he returned to his table where a Central Health board member asked to take a selfie with him.  Mr. Wallace obliged, and two pictures were taken.  In the second photo, Mr. Wallace put his arm around the board member's back.

32.    At the time, this board member did not say anything negative at all to Mr. Wallace about this incident.

33.    A few days later, on September 23, 2019, Mr. Geeslin told Mr. Wallace that a hostile environment complaint had been made against him and would be investigated by the Travis County Attorney.

34.    Mr. Wallace was told that the hostile environment complaint came from the board member with whom he had taken photos at the EquitySpace event.

35.    According to the Travis County Attorneys Mr. Wallace met with on September 26, this board member was offended when Mr. Wallace put his arm around her for the second photo.  Mr. Wallace asked Travis County Attorneys if he

was accused of touching the board member in sensitive or private areas and was told, "no."

36.     At no time during the investigation was Mr. Wallace provided a copy of the complaint or even allowed to see the photograph that supposedly gave rise to the complaint, though he asked to see those things.

37.     On September 27, Mr. Geeslin asked Mr. Wallace if he would be willing to meet with the board member to discuss the situation.   Mr. Wallace immediately agreed.  Mr. Geeslin also told Mr. Wallace at that meeting that he would be fired because of this allegation if he did not resign.

38.     That meeting with the board member that Mr. Wallace agreed to never took place.  Instead on October 7, 2019, Mr. Wallace submitted his resignation to avoid termination.

39.     Mr. Wallace then rescinded his resignation on November 17, 2019.

40.     Mr. Wallace filed a complaint with the Board of Managers and provided his side of the events, including his belief that he was being treated this way because of his race.

41.     However, the Board refused to overturn Mr. Geeslin's actions.

42.     On December 9, 2019, Mr. Wallace, the only African American executive leader at Central Health, was terminated.  Three of the seven board members did not vote for his termination.   Specifically, one voted "no" and two abstained.

43.   On April 29, 2020, Mr. Wallace filed a charge of race discrimination and retaliation with the EEOC.

44.   To date, Mr. Wallace has not seen the photograph, the results of the investigation, or even documentation of the complaint supposedly made against him that ended his fourteen-year career at Central Health.

45.   Mr. Wallace was fired because of his race and because of his prior protected activity, including filing charges of discrimination.

46.   Diversity, especially involving African American recruitment, is a persistent shortfall at Central Health under Mr. Geeslin.

47.   As stated before, at the time of Mr. Wallace's termination, he was the only African American executive leader at Central Health.

48.   This lack of diversity has not gone unnoticed by local and state government.

49.   On July 31, 2020, a letter jointly signed by a state representative, a Travis County Commissioner, the mayor of the City of Manor, an Austin city council member, and a Pflugerville city council member was sent to Central Health.

50.   The letter outlines two concerns.

51.   First, that Central Health spending rate for utilization of Historically Underused Business (HUB) contracts is less than half the rate of the state of Texas.  The HUB program promotes equal opportunity in state contracts for minority-owned businesses.

52.   Second, the letter states that the lack of black employees in supervisory positions is "alarming."

53.   The EEOC issued a right to sue to Mr. Wallace on August 14, 2020.

54.   Plaintiff requested the right to sue from the Texas Workforce Commission on October 29, 2020.

55.   All conditions present to the bringing of this suit have been satisfied or fulfilled.

## V.
## CAUSE OF ACTION: TITLE VII VIOLATIONS

56.   Plaintiff incorporates paragraphs 1-55 as if restated herein.

57.   Mr. Wallace is African American.

58.   He was qualified for his position.

59.   He suffered adverse actions, including failure to promote and termination.

60.   He was replaced by an employee outside his protected class, treated differently than those outside his protected class, or otherwise discriminated against based on his protected class.

## VI.
## CAUSE OF ACTION: TEXAS LABOR CODE VIOLATIONS

61.   Plaintiff incorporates paragraphs 1-60 as if restated herein.

62.   Mr. Wallace is African American.

63.   He was qualified for his position.

64.   He suffered adverse actions, including failure to promote and termination.

65.   He was replaced by an employee outside his protected class, treated differently than those outside his protected class, or otherwise discriminated against based on his protected class.

VII.
CAUSE OF ACTION: TITLE VII RETALIATION

66.   Plaintiff incorporates paragraphs 1-65 as if restated herein.

67.   Plaintiff engaged in protected activity when he filed a charge of discrimination
      and complained of discrimination based on his race.

68.   Defendant violated Title VII's anti-retaliation provision when it terminated
      and otherwise retaliated against Plaintiff for engaging in that activity.

VIII.
CAUSE OF ACTION: TEXAS LABOR CODE RETALIATION

69.   Plaintiff incorporates paragraphs 1-68 as if restated herein.

70.   Plaintiff engaged in protected activity when he filed a charge of discrimination
      and complained of discrimination based on his race.

71.   Defendant violated the Texas Labor Code's anti-retaliation provision when it
      terminated and otherwise retaliated against Plaintiff for engaging in that
      activity.

IX.
CAUSE OF ACTION: VIOLATION OF SECTION 1981

72.   Plaintiff incorporates paragraphs 1-71 as if restated herein.

73.   This cause of action is being brought through 42 U.S.C. § 1983.

74.   Plaintiff was denied equal rights and benefits under 42 U.S.C. §1981 because
      of his race including both through discrimination and retaliation.

75.   Defendant denied Plaintiff equal rights through discriminatory and retaliatory
      acts when, among other actions, it terminated Plaintiff because of his race.

## X.
## JURY DEMAND

76.    Plaintiff demands trial by jury and will tender the appropriate fee.

## XI.
## REQUEST FOR DISCLOSURE

77.    Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2.

## XII.
## DAMAGES

78.    Plaintiff seeks all damages allowed under the law, including monetary relief over $1,000,000 and:

(a)    Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful practices including race discrimination and retaliation.

(b)    Plaintiff seeks equitable relief against Defendant as may be appropriate such as reinstatement, promotion, front pay, and court costs.

(c)    Plaintiff seeks back pay under Title VII, § 1981 and the Texas Labor Code.

(d)    Plaintiff seeks compensatory damages for future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary loses under Title VII, § 1981, and the Texas Labor Code.

(e)    Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(f)    Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, plaintiff respectfully prays that Defendant be cited to appear, and that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which the Plaintiff is justly entitled.

Respectfully submitted,


   */s/ Colin Walsh*
Colin Walsh
Texas Bar No. 24079538
*Board Certified in Labor and Employment Law by the*
*Texas Board of Legal Specialization*

WILEY WALSH, P.C.
1011 San Jacinto Blvd, Ste 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile:  (512) 287 3084
colin@wileywalsh.com
ATTORNEY FOR PLAINTIFF

# TAB 3

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-006645**

LARIMEN WALLACE

, Plaintiff

vs.

TRAVIS COUNTY HEALTHCARE DISTRICT D/B/A CENTRAL HEALTH

Defendant

TO:   TRAVIS COUNTY HEALTHCARE DISTRICT D/B/A CENTRAL HEALTH
      BY SERVING ITS CEO MIKE GEESLIN
      1111 E. CESAR CHAVEZ STREET
      AUSTIN, TEXAS 78702

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on OCTOBER 29, 2020 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 13, 2020.

REQUESTED BY:
COLIN WILLIAM WALSH
1011 SAN JACINTO BLVD STE 401
AUSTIN, TX 78701
BUSINESS PHONE:(512)271-5527  FAX:(512)287-3084

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-20-006645                    SERVICE FEE NOT PAID                    P01 - 000099836

☐ Original        ☐ Service Copy

# TAB 4

11/20/2020 11:31 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-006645**
**Gilberto Rios**

CAUSE NO. D-1-GN-20-006645

| | | |
|---|---|---|
| LARIMEN WALLACE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 98th JUDICIAL DISTRICT |
| | § | |
| TRAVIS COUNTY HEALTHCARE | § | |
| DISTRICT D/B/A CENTRAL | § | |
| HEALTH | § | TRAVIS COUNTY, TEXAS |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## RULE 119 WAIVER OF SERVICE OF CITATION

State of Texas,        ))
County of Travis       ))

Before me, the undersigned notary, on this day personally appeared Stephanie Rojo, whose identity is known to me. After I administered an oath, Stephanie Rojo testified as follows:

"I, Stephanie Rojo, am an authorized agent of the Defendant Travis County Healthcare District d/b/a Central Health in this case. My email address is srojo@thompsoncoe.com. Plaintiff has given me a copy of the Original Petition filed and citation issued in this case. I waive service of process on behalf of defendant."

Travis County Healthcare District
d/b/a Central Health
By: Stephanie Rojo

Sworn to and subscribed before me by _Stephanie Rojo_ on this the 17th day of November, 2020.

Notary Public in and for
the State of Texas

JOHN DAVE WARREN
MY COMMISSION EXPIRES
JULY 21, 2022
NOTARY ID: 125769088